## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| THE IMPACT PARTNERSHIP, LLC | |
| Plaintiff, | |
| v. | Case No. _____ |
| IMPACT LEGACY GROUP, LLC | |
| Defendant. | |

## **COMPLAINT**

The Impact Partnership, LLC ("Impact Partnership"), files this Complaint against Impact Legacy Group, LLC, stating as follows:

1.      Impact Partnership, a leading independent marketing organization in the United States, has provided nationwide consulting, advertising, marketing, and support services for financial advisors for more than a decade in association with its trademark IMPACT PARTNERSHIP and tagline GROW YOUR PRACTICE, which are both registered with the U.S. Patent and Trademark Office, along with several other registered and common law trademarks.

2.      Defendant is providing similar consulting and support services for financial advisors under the name Impact Legacy Group, LLC in violation of Impact

Partnership's trademark rights and in a transparent effort to trade on Impact Partnership's established goodwill.

3.  This is an action for injunctive relief and damages for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition under Section 43(a) of the Lanham Action, 15 U.S.C. § 1125(a), deceptive trade practices under O.C.G.A. § 10-1-370 *et seq*., and common law unfair competition.

## PARTIES, JURISDICTION, AND VENUE

4.  Plaintiff The Impact Partnership, LLC is a Georgia limited liability company with a principal place of business in Marietta, Georgia.

5.  Defendant Impact Legacy Group, LLC is a Missouri limited liability company with a principal place of business in Springfield, Missouri.

6.  This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1331 (federal question jurisdiction) and 15 U.S.C. § 1367 (supplemental jurisdiction) because Impact Partnership has asserted claims that arise under federal law and because the state law claims asserted herein arise out of the same transactions and occurrences as the federal law claims.

7.  This Court has personal jurisdiction over Defendant in part because (and upon information and belief), it has transacted business in the State of Georgia;

- 2 -

it has committed violations of law within this State; and it regularly does or solicits business or derives substantial revenue from services provided and consumed within the State.

8.     Defendant owns and operates the website https://impactlegacygroup.com/, which is accessible in the State of Georgia.

9.     Brian Askins, CEO of Impact Legacy Group, is a registered insurance agent in the State of Georgia, and upon information and belief, has sold or engaged agents within Georgia, whether directly or indirectly on behalf of Impact Legacy Group, to offer for sale and sell insurance policies within Georgia.

10.    Upon information and belief, based on the above facts, Defendant provides its services, either directly or indirectly, to individuals and business in the State of Georgia under its business name Impact Legacy Group, which infringes Impact Partnership's trademark rights.

11.    Defendant engaged in unfair competition in the State of Georgia, injuring Impact Partnership in this State.

12.    Defendant has engaged in deceptive trade practices in the State of Georgia, injuring Impact Partnership in this State.

13.    The causes of action in this Complaint arise from and are connected to Defendant's transaction of business in this State, and exercising jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

14.    This Court, therefore, has personal jurisdiction over Defendant pursuant to the provisions of the Georgia long-arm statute.

15.    Venue is proper under 28 U.S.C. § 1391 because Defendant is doing and transacting business within this judicial district.

## FACTS

### A. Impact Partnership and its Trademark Rights

16.    Since 2011, Impact Partnership has provided consulting, marketing, and advertising services to help financial advisors market and grow their practices.

17.    Impact Partnership also works with top-rated insurance companies to design and distribute innovative products for financial advisors to offer Americans seeking to retire successfully.

18.    Impact Partnership owns all right, title, and interest to several trademarks registered on the Principal Register of the U.S. Patent and Trademark Office (USPTO), including Registration No. 4,680,913 for the mark IMPACT PARTNERSHIP. This registration is valid and subsisting.

19.     Attached is a copy of the Certificate of Registration for this trademark as received from the USPTO.  *See* **Exhibit A**.

20.     The IMPACT PARTNERSHIP mark is registered for the following goods and services:

> **Class 35**: Advertising and marketing services provided by means of indirect methods of marketing communications, namely, social media, search engine marketing, inquiry marketing, Internet marketing, mobile marketing, blogging and other forms of passive, sharable or viral communications channels; Advertising and marketing services, namely, promoting the goods and services of others; Advertising services, namely, promoting and marketing the goods and services of others through all public communication means; Arranging and conducting marketing promotional events for others; Production and distribution of radio and television commercials; Consulting in the field of advertising and marketing design.
> **Class 41**: Educational services, namely, conducting seminars and workshops for professionals in the field of financial planning and publishing and distributing educations materials in connection therewith.
> **Class 42**: Creation, design, development and maintenance of Web sites for third parties; Graphic design services for advertising and marketing purposes.

21.     The IMPACT PARTNERSHIP mark is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, based on Impact Partnership's continuous use of this trademark for more than five years. *See* **Exhibit B**.

22.     Impact Partnership has been using the IMPACT PARTNERSHIP Mark to identify its goods and services throughout the United States since at least 2011.

23.    As a result, Impact Partnership has developed substantial goodwill, recognition, and trademark rights in the IMPACT PARTNERSHIP mark.

24.    Impact Partnership also owns all right, title, and interest to the mark GROW YOUR PRACTICE, which is registered on the Principal Register of the USPTO, as Reg. No. 4,631,642. This registration is valid and subsisting.

25.    Attached is a copy of the Certificate of Registration for this trademark as received from the USPTO.  *See* **Exhibit C**.

26.    The GROW YOUR PRACTICE mark is registered in the same classes for similar services as the IMPACT PARTNERSHIP mark.

27.    The GROW YOUR PRACTICE mark is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, based on Impact Partnership's continuous use of this trademark for more than five years. *See* **Exhibit D**.

28.    Impact Partnership has been using the GROW YOUR PRACTICE mark to identify its goods and services throughout the United States since at least 2011.

29.    As a result, Impact Partnership has developed substantial goodwill, recognition, and trademark rights in the GROW YOUR PRACTICE trademark.

30.    Impact Partnership is also the owner of all right, title, and interest other registered U.S. trademarks that include the word "Impact".

31.     These marks include the following: IMPACT RADIO (Reg. No. 4,737,644) and IMPACT EXPERIENCE (Reg. No. 4,680,912).

32.     Impact Partnership has been using these trademarks in U.S. commerce at least since 2011 and 2013 respectively.

33.     Impact Partnership also claims common law trademark ownership in the word "Impact," which it uses interchangeably to refer to its business with the registered IMPACT PARTNERSHIP mark and logo, reproduced below.



**B. Defendant's Unlawful Adoption and Use of Impact's Trademarks**

34.     Upon information and belief, Defendant is an insurance marketing organization that offers similar consulting, advertising, and marketing services to those offered by Impact Partnership.

35.     Without Impact Partnership's authorization, Defendant adopted and began using the mark Impact Legacy Group in United States commerce.

36.     "Impact Legacy Group," when used for similar services is confusingly similar to Impact Partnership's registered IMPACT PARTNERSHIP Mark.

37.    The Impact Legacy Group name adopts the distinctive portion of the IMPACT PARTNERSHIP mark "Impact" in its entirety.

38.    Additionally, consumers would likely shorten Defendant's name "Impact Legacy Group" to "Impact" for ease of reference.

39.    The word "Impact" is prominently displayed in Defendant's logo, with "legacy group" displayed in smaller text that is often of an un-bolded or lighter hue, as reproduced below:



40.    Defendant also shortens its name to "Impact" in advertising and marketing materials. For instance, Defendant uses the word "Impact" on web components, such as "Impact Link," in web headings, e.g., "The Impact Opportunity" or "Meet the Impact Team," and marketing videos use the phrase "Why are YOU excited to be a part of Impact?"

41.    Defendant has also adopted a confusing similar tagline to Impact Partnership's registered GROW YOUR PRACTICE tagline: "Grow your business now" (the "Infringing Grow Your Business Mark," collectively with the Infringing Impact Legacy Mark, the "Infringing Marks"). *See* Screen Capture of Impact Legacy

Group Website, https://impactlegacygroup.com/ (last accessed Jan. 11, 2024) (reproduced below).



42.    The Infringing Grow Your Business Mark adopts the same first two words "Grow Your," replaces "practice" for "business," which are synonyms, and adds the word "now."

43.    The addition of the word "now" does not change the commercial impression of the phrase "Grow Your Business Now" from GROW YOUR PRACTICE as both assume contemporaneous action.

44.    Defendant uses the Infringing Marks to provide identical services to those of Impact Partnership to the same customer base.

45.    For instance, Defendant's website states as follows: "Impact Legacy Group has helped thousands of agents discover a simple and empowering business model that allows them to live meaningful lives and finally feel like they are winning." *See* Screen Capture of Impact Legacy Group Website, https://impactlegacygroup.com/ (last accessed Jan. 11, 2024) (reproduced below),



46.    Elsewhere Defendant's website states under the "Build Your Business" heading "We are dedicated to partnering with you in discovering talent, enriching agents' sales capabilities, and empowering them to construct profitable teams." *See* Screen Capture of Impact Legacy Group Website, https://impactlegacygroup.com/ (last accessed Jan. 11, 2024) (reproduced below).



We offer training and mentorship in the sales of **Life Insurance, Medicare, and Retirement Protection products** in the thriving insurance and financial services market.

  

**Discover Your Opportunity**

By operating across several verticals, we generate cross-sales opportunities that enable lasting passive income, while dedicating resources to train and empower agents in selling and growing their teams.

**Build Your Business**

We are dedicated to partnering with you in discovering talent, enriching agents' sales capabilities, and empowering them to construct profitable teams.

**Grow Your Legacy**

Join a movement that empowers you to create passive income and create lasting change.

47.    Defendant also states that it serves clients in the fields of mortgage protection, Medicare, final expense, general life insurance, and retirement and wealth generation. *See* Impact Legacy Group Website, https://impactlegacygroup.com/opportunities/ (last accessed Jan. 11, 2024).

48.    Impact Partnership's website similarly states "our mission is to revolutionize the financial services industry" by transforming "independent financial advisors into successful, self-sufficient entrepreneurs with practices that can compete against the world's largest companies" and "we also help Americans retire with added confidence by empowering independent financial advisors in their

local communities and working with insurance companies to design and distribute innovative products." *See* Impact Partnership Website, https://impactpartner.com/our-story/ (Last Accessed Jan. 11, 2024) (reproduced below.



49.     Defendant and Impact Partnership both market their consulting, marketing, advertising, and support services to financial advisors and registered investment advisors.

50.     Upon information and belief, Defendant began using the Infringing Marks well after Impact Partnership acquired protectable exclusive rights in its

IMPACT PARTNERSHIP Mark and GROW YOUR PRACTICE Mark, and at least as late as May 2022.

51.     Defendant's website and other marketing materials, including their social media pages, adopt similar color schemes and formats to Impact Partnership's marketing materials.

52.     For instance, Defendant appears to have purposefully adopted a blue color scheme that mimics Impact Partnership's blue color scheme.

53.     This is apparent in both parties' logos, reproduced below, which similarly uses shades of blue and more prominently display the text "Impact."



54.     Defendant's Instagram page also includes many posts displaying the word "Impact" prominently, as shown below:



55.     The similarities in Defendant's marketing materials with Impact Partnership's materials further evidence Defendant's intent to trade off the goodwill of Impact Partnership.

56.    Impact Partnership has not authorized Defendant to use any aspect of the Infringing Marks, nor does Defendant have any other business affiliation with Impact Partnership.

57.    Upon learning of Defendant's use of a confusingly similar business name to the Impact Partnership mark, Impact Partnership approached Defendant in an attempt to prevent confusion in the marketplace.

58.    Defendant and Impact Partnership were unable to resolve this dispute.

59.    Upon information and belief, Defendant has acted willfully and with the deliberate intent to trade on the goodwill of Impact Partnership's trademark rights, cause confusion and deception in the marketplace, and divert potential clients of Impact Partnership's services to Defendant.

60.    Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Impact Partnership and to its valuable reputation and goodwill with the consuming public for which Impact Partnership has no adequate remedy at law.

## COUNT I

**Federal Trademark Infringement Under the Lanham Act – 15 U.S.C. § 1114**

61.    The foregoing paragraphs 1 through 60 are incorporated by reference as if fully set forth herein.

62.   Impact Partnership owns all right, title, and interest in the U.S. trademark registrations for the marks IMPACT PARTNERSHIP and GROW YOUR PRACTICE.

63.   Defendant is using the Infringing Marks ("Impact Legacy Group" and "Grow Your Business Now") in commerce in connection with the sale, offering for sale, and advertising of Defendant's Services.

64.   The Infringing Marks are confusingly similar to the Impact Partnership marks.

65.    Defendant's unauthorized use of the Infringing Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to mistakenly believe that Defendant's services are sold, authorized, endorsed, or sponsored by Impact Partnership, or that Defendant is in some way affiliated with or sponsored by Impact Partnership.

66.   Defendant's conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

67.   Upon information and belief, Defendant has acted with full knowledge of Impact Partnership's prior rights in the registered IMPACT PARTNERSHIP and GROW YOUR PRACTICE Marks and with the willful intent to cause confusion and trade on Impact Partnership's goodwill.

- 16 -

68.    Defendant's conduct is causing immediate and irreparable harm and injury to Impact Partnership, and to its goodwill and reputation, and will continue to both damage Impact Partnership and confuse the public unless enjoined by this court. Impact Partnership has no adequate remedy at law.

69.    Impact Partnership is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II

**Federal Unfair Competition Under the Lanham Act – 15 U.S.C. § 1125(a)**

70.    The foregoing paragraphs 1 through 69 are incorporated by reference as if fully set forth herein.

71.    Defendant's unauthorized use in commerce of the Infringing Marks in connection with the advertising, offering for sale, and sale of Defendant's services in United States commerce is likely to cause confusion, mistake, or deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to mistakenly believe that Defendant's

services are sold, authorized, endorsed, or sponsored by Impact Partnership, or that Defendant is in some way affiliated with or sponsored by Impact Partnership.

72.    Defendant's unauthorized use in commerce of the Infringing Marks constitutes use of a false designation of origin and misleading description and representation of fact.

73.    Upon information and belief, Defendant's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Impact Partnership.

74.    Defendant's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75.    Defendant's use of the Infringing Marks as alleged is causing immediate and irreparable harm and injury to Impact Partnership, and to its goodwill and reputation, and will continue to both damage Impact Partnership and confuse the public unless enjoined by this court. Impact Partnership has no adequate remedy at law.

76.    Impact Partnership is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the

Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III

**Deceptive Trade Practices Under Georgia Law**
**(Violation of O.C.G.A. § 10-1-370 et seq.)**

77.     The foregoing paragraphs 1 through 76 are incorporated by reference as if fully set forth herein.

78.     By using the Infringing Marks without Impact Partnership's authorization, Defendant is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of the services Defendant provides in association with the Infringing Marks and is therefore engaged in a deceptive trade practice in violation of O.C.G.A. § 10-1-370 *et seq*.

79.     As a result of Defendant's conduct, Impact Partnership has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Impact Partnership in the IMPACT PARTNERSHIP and GROW YOUR PRACTICE marks, along with its common law marks.

80.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Impact Partnership, and to its goodwill and reputation,

and will continue to both damage Impact Partnership and confuse the public unless enjoined by this court. Impact Partnership has no adequate remedy at law.

## COUNT IV
### Common Law Unfair Competition

81.     The foregoing paragraphs 1 to 80 are incorporated by reference as if fully set forth herein.

82.     By engaging in the acts described above, Defendant has created actual confusion and/or a likelihood of confusion about the source or sponsorship of their services. Its conduct has caused or is likely to cause customers to be confused as to whether Impact Partnership is the source of Defendant's services or confused in thinking that Defendant's services are otherwise affiliated with or sponsored by Impact Partnership.

83.     By engaging in the acts described above, Defendant has attempted to encroach upon the business of Impact Partnership by using confusingly similar trademarks.

84.     Defendant's use of confusingly similar trademarks and encroachment upon the business of Impact Partnership was intentional and with knowledge of Impact Partnership's rights.

85.     Impact Partnership is suffering immediate and irreparable harm to its brand and goodwill as a result of Defendant's conduct. Any sales of Defendant's services under the Infringing Marks will also cause Impact Partnership monetary damages in addition to the irreparable harm to its brand and goodwill.

WHEREFORE, Impact Partnership respectfully requests that the Court:

(A)     Enter a preliminary and permanent injunction that enjoins the Defendant, its officers, agents employees, attorneys, successors, affiliates, subsidiaries, and assigns, and all those persons in active concert or participation with them who receive notice of the injunction, from:

> (1)     Selling, marketing, advertising, promoting, or authorizing a third party to sell, market, advertise, or promote services relating to insurance agency and brokerage services, insurance advising, financial services, financial planning, investment advising, financial investment management, or other services the same or similar to those offered by the Impact Partnership in association with the Infringing Marks or any mark that is the same or confusingly similar to Impact Partnership's IMPACT PARTNERSHIP and GROW YOUR PRACTICE marks;

(2)    Engaging in any activity that infringes Impact Partnership's rights in its IMPACT PARTNERSHIP and GROW YOUR PRACTICE marks;

(3)    Engaging in any activity constituting unfair competition with Impact Partnership;

(4)    Engaging in any activity in association with the Infringing Mark that constitutes a deceptive trade practice as defined by O.C.G.A. § 10-1-370 et seq.;

(5)    Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing marks or any other mark that infringes or is likely to be confused with Impact Partnership's IMPACT PARTNERSHIP and GROW YOUR PRACTICE marks, or any other trademark owned by Impact Partnership;

(B)    Require Defendant to account to Impact Partnership for any and all profits derived by Defendant from the sale of services and for all damages sustained by Impact Partnership by reason of said acts of infringement and unfair competition complained of herein;

(C)    Award damages, including enhanced damages, resulting from Defendant's infringement and unfair competition;

(D)    Order disgorgement of profits or other amounts received by Defendant as a result of its trademark infringement and unfair competition;

(E)    Award costs and attorneys' fees pursuant to 15 U.S.C. § 1117; and

(F)    Enter such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Impact Partnership demands a trial by jury.

Respectfully submitted this 19th day of January, 2024.

MILLER & MARTIN PLLC

By:  */s/ Michael P. Kohler*
     Michael P. Kohler
     Georgia Bar No. 427727
     Eileen H. Rumfelt
     Georgia Bar No. 040608
     Pharan A.S. Evans
     Georgia Bar No. 446014

1180 West Peachtree Street NW; Suite 2100
Atlanta, Georgia 30309-3407
(404) 962-6100 (Telephone)
(404) 962-6300 (Facsimile)
michael.kohler@millermartin.com
eileen.rumfelt@millermartin.com
pharan.evans@millermartin.com

*Attorneys for The Impact Partnership LLC*